UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BREANNA BACKFISCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:24-cv-00213-SNLJ |
| ) | |
| PENSKE TRUCK LEASING ) | |
| CO., L.P. et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Federal Express Corporation's motion to stay case pending U.S. Supreme Court decision in *Montgomery v. Caribe Transport II, LLC*. [Doc. 88]. Plaintiff opposes the motion. [Docs. 90, 97]. For the reasons set forth below, the motion to stay [Doc. 88] is DENIED.

### I.   BACKGROUND

Plaintiff filed a personal injury case arising out of a commercial motor vehicle crash that occurred on December 16, 2019. The crash allegedly occurred when the vehicle Plaintiff was riding in was rear-ended by a tractor-trailer drive by defendant Bahromov. At the time, Bahromov was allegedly working for defendant Trucking Times Inc., a motor carrier, and was allegedly delivering cargo pursuant to a transportation agreement between Trucking Times Inc. and defendant Federal Express Corporation. The tractor-trailer that Bahromov was driving was allegedly rented or leased from defendant Penske Trucking Leasing Co, L.P.

Plaintiff's second amended complaint alleges two counts against Federal Express Corporation: Count III for bodily injury based on independent negligence of Federal Express Corporation and Count V for bodily injury based on the negligence of Federal Express Corporation in hiring, retaining, or selecting Trucking Times and Bahromov. [Doc. 74]. Federal Express Corporation has moved to stay this entire case pending the United States Supreme Court's decision in a case that will decide whether the Federal Aviation Administration Authorization Act (49 U.S.C. §14501(c)) preempts negligent hiring or selection claims. [Doc. 88]. *See Montgomery v. Caribe Transp. II, LLC*, No. 24-1238, 2025 WL 2808807 (U.S. Oct. 3, 2025) (granting petition for writ of certiorari). Plaintiff opposes the motion. [Docs. 90, 97].

## II.   DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1036); Cottrell v. Duke, 737 F.3d 1238, 1248 (8th Cir. 2013). Thus, a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006) quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This discretion requires courts to exercise "judgment, which must weight competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55.

Since staying proceedings can potentially harm the party opposing the stay, the court's decision should weigh the "competing interests and maintain an even balance,"

2

while recalling that the Supreme Court has cautioned moderation.  *Id.* at 255.  Generally speaking, the Court is to weigh "the potential prejudice or hardships to the parties, as well as the interest of judicial economy."  *St. Louis Heart Ctr, Inc. v. Athenahealth, Inc.*, 2015 WL 6777873 at *5 (E.D. Mo. Nov. 4, 2015).

Despite a court's broad discretion to stay proceedings, it is "[t]he proponent of the stay that bears the burden of establishing its need."  *Clinton*, 520 U.S. at 708.  That burden requires the moving party to show a specific hardship or inequity that would result if the court denies a stay and the party must proceed with the litigation.  *Jones v. Clinton*, 72 F.3d 1354, 1364 (8th Cir. 1996) (Beam, J., concurring) citing *Landis*, 299 U.S. at 254-56.  The moving party's burden is so substantial that it creates a presumption favoring the party opposing the stay.  *Id.* at 1365.

The Court finds that Federal Express Corporation has failed to establish a specific hardship or inequity that would result if this Court denied a stay and it must proceed with the litigation.  While Federal Express Corporation has argued that a decision in *Montgomery* could possibly preempt all claims against it in the present action, that alone is insufficient to stay a case in its entirety.  First, the duration of the stay is indeterminate and would most likely be quite lengthy since the Supreme Court just granted certiorari in *Montgomery* on October 3, 2025.  Granting the motion to stay would result in this case lingering on the court's docket, potentially for years, while the *Montgomery* case is briefed, argued, and submitted for decision.  Such a request goes against the interests of judicial economy and this Court's control of its docket.  Further, any protracted stay while awaiting a decision that relates to one (or possibly two) cause[s] of action against one defendant, but

3

is not dispositive of this case in its entirety, is not necessary, does not conserve judicial resources, and will not provide for a speedy and just determination of this case.  Finally, any such stay would prejudice the remaining parties who otherwise have an interest in the prompt and fair management of their case.  A better approach for purposes of judicial economy is for the parties to continue complying with the case management deadlines and move for a stay after discovery and before dispositive motions are due if a decision has not yet come down on *Montgomery*.

Under the current circumstances, the Court finds that granting the requested indeterminate stay would cause unfair prejudice or burden on the other parties and would not conserve judicial resources.

### III.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that defendant Federal Express Corporation's motion to stay case pending U.S. Supreme Court decision in *Montgomery v. Caribe Transp. II, Inc*. [Doc. 88] is **DENIED**.

**SO ORDERED** this 9th day of December, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE