UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BREANNA BACKFISCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:24-cv-00213-SNLJ |
| ) | |
| PENSKE TRUCK LEASING ) | |
| CO., L.P. et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant Federal Express Corporation's partial motion to dismiss Count V of plaintiff's complaint. [Doc. 85]. Plaintiff opposes the motion. [Doc. 89]. For the reasons set forth below, the partial motion to dismiss Count V [Doc. 85] is DENIED.

### I.   BACKGROUND

Plaintiff filed a personal injury case arising out of a commercial motor vehicle crash that occurred on December 16, 2019. The crash allegedly occurred when the vehicle Plaintiff was riding in was rear-ended by a tractor-trailer drive by defendant Bahromov. At the time, Bahromov was allegedly working for defendant Trucking Times Inc., a motor carrier, and was allegedly delivering cargo pursuant to a transportation agreement between Trucking Times Inc. and defendant Federal Express Corporation. The tractor-trailer that Bahromov was driving was allegedly rented or leased from defendant Penske Trucking Leasing Co, L.P.

Plaintiff's second amended complaint alleges two counts against Federal Express Corporation: Count III for bodily injury based on independent negligence of Federal Express Corporation and Count V for bodily injury based on the negligence of Federal Express Corporation in hiring, retaining, or selecting Trucking Times and Bahromov. [Doc. 74].

Federal Express Corporation has moved to dismiss Count V of plaintiff's second amended complaint alleging that it is preempted by the Federal Aviation Administration Authorization Act ("FAAAA"). See 49 U.S.C. § 14501(c)(1). Plaintiff opposes the motion alleging (1) that it is procedurally improper and (2) even if the FAAAA preemption extended to a claim for negligently hiring an unsafe or incompetent carrier, such a claim would fall within the "safety exception" and would not be preempted. [Docs. 90, 97].

## II.   LEGAL STANDARD

The purpose of a Federal Rule of Civil Procedure Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 527 (8th Cir. 2001) *quoting Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). In addressing a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *United States ex rel. Ambrosecchia v. Paddock Laboratories, LLC*, 855 F.3d 949, 954 (8th Cir. 2017). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

2

(2007) (abrogating the prior "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." *Id.* However, where a court can infer from the factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Cole v. Homier Distributing Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) *citing Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### III.   DISCUSSION

#### A. Procedural Arguments

Plaintiff argues that Federal Express Corporation has not explained why it is proper to dismiss Count V based on a preemption affirmative defense founded solely on the content of Plaintiff's second amended complaint. [Doc. 89]. Federal Express Corporation asserts that it did, in fact, allege FAAAA preemption as an affirmative defense in its answer to plaintiff's second amended complaint; and, that the plaintiff has not attacked the validity of that affirmative defense. [Doc. 99]. The Court finds that Federal Express Corporation's motion to dismiss based on federal preemption is properly before the Court.

Preemption is an affirmative defense. *Wuebker v. Wilbur-Ellis Co.*, 418 F.3d 883, 886 (8th Cir. 2005) *citing Chapman v. Lab One*, 390 F.3d 620, 624-25 (8th Cir. 2004). Generally, the existence of an affirmative defense is not ordinarily a ground for Rule 12(b)(6) dismissal. *Weatherly v. Ford Motor Co.*, 994 F.3d 940, 943 (8th Cir. 2021). However, when dealing with preemption, a defendant may raise the affirmative defense of preemption in a motion to dismiss. *See Dougherty v. Source Nats., Inc.*, 148 F. Supp. 3d 831, 835 (E.D. Mo. 2015). The Eighth Circuit and the district courts have affirmed the

3

dismissal of actions on FAAAA preemption grounds at the Rule 12(b)(6) stage. *See, e.g., Data Mfg., Inc. v. United Parcel Service, Inc.*, 557 F.3d 849 (8th Cir. 2009) (finding that the district court's Rule 12(b)(6) dismissal of all state law claims as preempted by the FAAAA was appropriate); *Uhrhan v. B&B Cargo, Inc.*, 2020 WL 4501104 at *1, 2 (finding that defendant may raise the affirmative defense of preemption in a Rule 12(b)(6) motion to dismiss). Therefore, the Court finds that Federal Express Corporation's motion to dismiss on the basis of federal preemption is properly before the Court.[1]

### B. Substantive FAAAA Preemption Arguments

"The preemption doctrine derives from the Constitution's supremacy clause, which states that laws of the United States made pursuant to the Constitution are the 'supreme Law of the Land.'" *Wuebker v. Wilbur-Ellis Co.*, 418 F.3d 883, 886 (8th Cir. 2005) *quoting* U.S. Const. Art. VI, cl. 2. State law will be expressly preempted "when a federal law explicitly prohibits state regulation in a particular field." *Mo. Brd. of Examiners for Hearing Instrument Specialists v. Hearing Help Express, Inc.*, 447 F.3d 1033, 1035 (8th Cir. 2006).

The FAAAA was enacted by Congress to preempt state trucking regulations in order to avoid "a patchwork of state service-determining law, rules, and regulations" that could have an economic burden on the trucking industry. *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 264 (2013) *quoting Rowe v. N.W. Transp. Ass'n*, 552 U.S. 364, 373 (2008).

---

[1] While the interrogatory answer filed by Federal Express Corporation is improper and shall not be considered in ruling on the Rule 12(b)(6) motion, the Court does not find that it necessitates automatic denial of the motion to dismiss. *See Miller v. Redwood Toxicology Laboratory, Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

The relevant portion of the FAAAA provides that:

> [A] State…may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier…or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.

49 U.S.C. § 14501(c)(1).

The FAAAA then provides for a "safety exception" providing that the preemption provision "shall not restrict the safety regulatory authority of a State with respect to motor vehicles." 49 U.S.C. § 14501(c)(2)(A).

Federal Express Corporation's motion to dismiss is premised on Federal Express Corporation being classified as a broker under the FAAAA; and, that claims for negligent hiring, retention, or selection are subject to preemption under the FAAAA. Plaintiff argues that negligent hiring, retention, or selection are not subject to preemption under the FAAAA based upon the circuit split as well as the "safety exception."[2] This Court finds plaintiff's position more persuasive.

Plaintiff has alleged a negligent hiring, retention, or selection claim against Federal Express Corporation. So, the question is whether such a claim can be understood to be a state-enforced "law, regulation, or other provision" under the FAAAA. Generally, "[t]here is no question that a common law negligence claim embodies a state law that may be

---

[2] The Supreme Court has granted *certiorari* to resolve this circuit split in *Montgomery v. Caribe Transp. II, LLC*, No. 24-1238, 2025 WL 2808807 (Oct. 3, 2025). This Court recently denied Federal Express Corporation's motion to stay pending a ruling from the Supreme Court. [Doc. 106]. The Court found that a better approach for purposes of judicial economy is for the parties to continue complying with case management deadlines and move for a stay after discovery and before dispositive motions are due if a decision has not yet come down on *Montgomery*.

preempted [by the FAAAA] under proper circumstances." *Northwest Inc. v. Ginsberg*, 572 U.S. 273, 281-82 (2014).  "It is routine to call common-law rules 'provisions.'  And a common-law rule clearly has 'the force and effect of law.'" *Id.* at 282.  Therefore, as a preliminary matter, the Court concludes that Missouri's common law negligent hiring, retention, or selection claim is a state enforced provision that can be preempted under the FAAAA.  *See Uhrhan*, 2020 WL 4501104 at *4.

The United States Supreme Court has then instructed that "[t]he phrase 'related to' [in the FAAAA] embraces state laws 'having a connection with or reference to' carrier 'rates, routes, or services,' whether directly or indirectly." *Dan's City Used Cars, Inc.*, 569 U.S. at 260.  While the term "related to" exhibits a broad preemptive scope, the Supreme Court has cautioned that "the breadth of the words…does not mean the sky is the limit." *Id.*  Thus, the FAAAA "does not preempt state laws affecting carrier prices, routes, and services 'in only a tenuous, remote, or peripheral…manner.'" *Id. quoting Rowe*, 552 U.S. at 375.  This Court finds generally that negligent hiring, retention, or selection claims (negligent brokering claims) have more than a tenuous, remote, or peripheral connection to the services that brokers provide.  *See Uhrhan*, 2020 W 4501104 at *4.  This is because a negligent hiring, retention, or selection claim directly targets Federal Express Corporation's hiring of motor carriers to transport shipments.  *Id.*  While these types of negligent hiring, retention, or selection claims do not necessarily create set regulations for compliance, the enforcement of these claims holds a broker liable to "state-created" standards of care.  *Id*.  Thus, the Court concludes that plaintiff's negligent hiring, retention, or selection claim relates to the services of Federal Express Corporation and falls within the scope of the

6

FAAAA.

While plaintiff's claim is "related to" Federal Express Corporation's broker services and within the scope of the FAAAA, the Court finds that the claim falls within the scope of the safety regulation exception. In making this finding, the Court must consider two questions: whether common law claims can be understood as an exercise of a state's "safety regulatory authority" and, whether a negligent brokering claim is a cause of action "with respect to motor vehicles." *See Uhrhan*, 2020 WL 4501104 at *5. In answering these questions, the Court relies on the United States Supreme Court's clarification that the safety regulation exception should be broadly construed. *City of Columbus v. Ours Garage and Wrecker Srvc., Inc.*, 536 U.S. 424, 426 (2002). The safety regulation exception to the FAAAA preemption is meant to save state power in a field in which the States have traditionally occupied. *Id.* at 424. Common law liability has historically been the foundation for state regulations; and, oftentimes, the common law tort claims are described as a critical component of the States protecting the health and safety of their citizens. *See Desiano v. Warner-Lambert & Co.,* 467 F.3d 85, 86 (2d Cir. 2006) *quoting Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 544 (1992) (Blackmun, J., concurring in part and dissenting in part). Accordingly, these negligent hiring, retention, or selection claims are a valid means by which the state's police power regulates safety of their citizens. *See Lopez v. Amazon Logistics, Inc.*, 458 F. Supp. 3d 505, 515 (N.D. Texas 2020) (giving a thorough explanation as to why the statutory construction of the FAAAA indicates that "regulatory authority" encompasses common law rights).

As to the second question, the Court finds that plaintiff's negligent hiring, retention,

7

or selection claim constitutes an exercise of regulatory authority "with respect to motor vehicles." The Supreme Court has defined the phrase "with respect to" as "concerning." *See Dan's City Used Cars, Inc.*, 569 U.S. at 261. Under the FAAAA, a "motor vehicle" is defined to include "a vehicle, machine, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used on a highway in transportation." 49 U.S.C. § 13102(16). Thus, putting those definitions and interpretations together, this Court holds that plaintiff's negligent hiring, retention, or selection claim that seeks personal injury damages against a broker for negligently placing an unsafe carrier on the highway does, in fact, concern "motor vehicles and their safe operation." *See Lopez*, 458 F. Supp. 3d at 515. Accordingly, the Court finds plaintiff's negligent hiring, retention, or selection claim falls within the scope of the safety regulation exception; and, therefore, is not preempted by the FAAAA.

## IV.  CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that defendant Federal Express Corporation's partial motion to dismiss Count V of the plaintiff's second amended complaint [Doc. 85] is **DENIED**.

**SO ORDERED** this 16th day of December, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE