UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

BREANNA BACKFISCH,                )
                                  )
                Plaintiff,        )
                                  )
vs.                               )        Case No. 1:24-cv-00213-SNLJ
                                  )
PENSKE TRUCK LEASING              )
CO., L.P. et al.,                 )
                                  )
                Defendants.       )

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to compel Trucking Times, Inc. to produce a corporate representative for deposition. [Doc. 130]. Defendant Trucking Times, Inc. (hereinafter "Trucking Times") has failed to respond to the motion, and the time to do so has lapsed. For the reasons set forth below, the motion to compel Trucking Times to produce a corporate representative for deposition [Doc. 130] is **GRANTED**.

Plaintiff filed a personal injury case arising out of a commercial motor vehicle crash that occurred on December 16, 2019. The crash allegedly occurred when the vehicle Plaintiff was riding in was rear-ended by a tractor-trailer drive by defendant Toshtemir Bahromov (hereinafter "Bahromov"). At the time, Bahromov was allegedly working for defendant Trucking Times, a motor carrier, and was allegedly delivering cargo pursuant to a transportation agreement between Trucking Times and defendant Federal Express Corporation. The tractor-trailer that Bahromov was driving was allegedly rented or leased from defendant Penske Trucking Leasing Co, L.P.

Plaintiff has taken the deposition of Bahromov.  Plaintiff had also sought to depose Mr. Ibrat Djabbarov (hereinafter "Djabbarov"), Trucking Time's president and owner. [Doc. 130].  The deposition of Djabbarov did not proceed because Djabbarov failed to appear.  [*Id.*].  Plaintiff's counsel has attempted to reschedule Djabbarov's deposition; and, has requested to convert Djabbarov's deposition into a Federal Rule of Civil Procedure 30(b)(6) deposition of a corporate representative for Trucking Times.  [*Id.*].  Trucking Times and Djabbarov have failed to provide dates for the deposition.  [*Id.*].  Plaintiff has now filed a motion to compel Trucking Times to produce a corporate representative for deposition.  [*Id.*].  The motion is unopposed.

Federal Rule of Civil Procedure 30(b)(6) governs depositions of organizational entities and provides as follows:

> Notice or Subpoena Directed to an Organization.  In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination.  The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.  Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination.  A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify.  The persons designated must testify about information known or reasonably available to the organization.  This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

> Fed. R. Civ. P. 30(b)(6).

Rule 30(b)(6)'s plain text does not limit the topics of deposition, providing only that "[t]he persons designated must testify about information known or reasonably available to the

2

organization." Fed. R. Civ. P. 30(b)(6).  The Rule 30(b)(6) deposition serves a unique function as it is the "sworn corporate admission that is binding on the corporation." *See Sprint Communications, Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D. Kan. 2006).  The Rule 30(b)(6) designee does not give a personal opinion; but, rather, they present the corporation's position on the topic.  *Id.*  That is why the Rule provides that "[t]he persons designated must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).  While there is certainly a somewhat onerous burden on a defendant to prepare a knowledgeable Rule 30(b)(6) deponent, there is no less onerous means of assuring that the position of a corporation can be fully and fairly explored.  *See Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 639 (D. Minn. 2000). Even a corporation that is in existence but no longer actively doing business can be compelled to produce a witness for a Rule 30(b)96) deposition.  *W.R. Grace & Co. v. N&M, Inc.*, No. 1:06mc602WJG, 2006 WL 3694595, at *2 (S.D. Miss. Dec. 13, 2006) (citing *Kanaji v. Philadelphia Child Guidance Ctr. of Children's Hosp.*, No. CIV.A. 00-937, 2001 WL 708898, at *2 (E.D. Pa. June 20, 2001)).

Under Rule 37(a) of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).  A motion to compel a discovery response may be made if…"(i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4)…" Fed. R. Civ. P. 37(a)(3)(B).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

3

Trucking Times is clearly an active participant in the pending litigation even though it did not oppose the present motion. While Trucking Times may, or may not be, an operational corporation, the plaintiff is entitled to notice or subpoena the deposition of a corporate designee to testify about information known or reasonably available to Trucking Times.[1] Thus, it is within this Court's discretion to grant plaintiff's motion to compel and direct Trucking Times to designate, prepare, and produce a Rule 30(b)(6) representative. Trucking Times shall bear in mind that "[a] court may levy appropriate sanctions for a corporation's inadequate designation in response to a Rule 30(b)(6) notice." *See* Fed. R. Civ. P. 30(d)(2); *see* Fed. R. Civ. P. 37(d)(1)(A)(i); *see, e.g., Cedar Hill Hardware & Constr. Supply, Inc. v. Ins. Corp. of Hannover*, 563 F.3d 329, 345 (8th Cir. 2009).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Compel Trucking Times, Inc. to Produce a Corporate Representative for Deposition [Doc. 130] is **GRANTED**. Trucking Times shall designate and produce a Rule 30(b)(6) representative to sit for its deposition by **April 15, 2026**.

**SO ORDERED** this 2nd day of April, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The Court found Trucking Times Inc. has been a registered corporation in the State of Illinois since September 5, 2017. https://apps.ilsos.gov/businessentitysearch/businessentitysearch. Mr. Ibrat Djabbarov is listed as the president and secretary. *Id.* The corporation is listed as active as of March 31, 2026. *Id.*