UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BREANNA BACKFISCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-00213-SNLJ |
| | ) | |
| PENSKE TRUCK LEASING CO., L.P. | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motions to compel directed to

defendant Federal Express Corporation (hereinafter referred to as "FedEx"). [Docs. 126,

129]. FedEx opposes the motions. [Docs. 127, 133]. For the reasons set forth below, the

motions to compel directed to defendant FedEx [Docs. 126, 129] are **GRANTED in part**

**and DENIED in part**.

## I. BACKGROUND

Plaintiff filed a personal injury case arising out of a commercial motor vehicle

crash that occurred on December 16, 2019. The crash allegedly occurred when the

vehicle Plaintiff was riding in was rear-ended by a tractor-trailer drive by defendant

Bahromov. At the time, Bahromov was allegedly working for defendant Trucking Times

Inc., a motor carrier, and was allegedly delivering cargo pursuant to a transportation

agreement between Trucking Times Inc. and defendant FedEx. The tractor-trailer that

Bahromov was driving was allegedly rented or leased from defendant Penske Trucking Leasing Co, L.P.

Plaintiff's second amended complaint alleges two counts against FedEx:  Count III for bodily injury based on independent negligence of FedEx and Count V for bodily injury based on the negligence of FedEx in hiring, retaining, or selecting Trucking Times and Bahromov.  [Doc. 74].  Plaintiff issued written discovery; and, at issue now are interrogatories and second requests to produce to FedEx.  FedEx provided certain answers to interrogatories that plaintiff alleges are deficient.  As to the second requests to produce, responses were due January 28, 2026; and, FedEx has failed to provide any responses or formal objections.  As a result, plaintiff has filed motions to compel directed to FedEx.  [Docs. 126, 129].  FedEx opposes the motions.  [Docs. 127, 133].

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure Rule 26(b)(1),

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"Broad discovery" is the norm. *Stecklein & Rapp Chartered v. Experian Information Solutions, Inc.*, 113 F.4th 858, 861 (8th Cir. 2024) (citing *WWP, Inc. v. Wounded Warriors*

2

*Fam. Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011)).  "Parties may obtain discovery regarding nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…"  *Id.* (citing Fed. R. Civ. P. 26(b)(1)).  While the standard for discovery is broader than for admissibility at trial, the requested information still has to clear a "threshold…of relevance."  *Id.* (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)); Fed. R. Evid. 401 (stating that evidence is relevant at trial if "it has any tendency to make a fact" that "is of consequence" to the "determine[ation] [of] the action" any "more or less probable").  In other words, the requested information must still be probative of the "claim or defense" that a party is trying to establish, or at least aimed at the discovery of evidence that could be.  *Id.* (citing Fed. R. Civ. P. 26(b)(1)).

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses.  Fed. R. Civ. P. 37(a).  Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production or answers against another party when the latter has failed to produce documents requested under Rule 34 or to answer interrogatories under Rule 33.  Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).  The party resisting discovery must show specifically how the requested discovery is not relevant or otherwise objectionable.  Fed. R. Civ. P. 33(b)(3)-(4); Fed. R. Civ. P. 34(b)(2)(B).

Generally, in the absence of an extension of time or good cause, the failure to object to discovery within the time fixed by the Rules constitutes a waiver of any objection.  *See BancorpSouth Bank v. RWM Properties II, LLC*, No. 4:11CV373 JCH, 2012 WL 3939972, at *1 (E.D. Mo. Sept. 10, 2012) (citing *Davis v. Fendler*, 650 F.2d

3

1154, 1160 (9th Cir. 1981)); *see also Cooey v. Strickland*, 269 F.R.D. 643, 647 (S.D. Ohio 2010) (the same waiver rule applies under Rule 34 as it does under Rule 33).

### III. DISCUSSION

### A.  Motion to Compel Interrogatories [Doc. 126]

There are 3 interrogatories and a verification that plaintiff alleges in the motion to compel that are deficient as related to plaintiff's interrogatories issued to FedEx.  [Doc. 126].

### 1.      *Interrogatory No. 2*

Interrogatory No. 2 requests:

> "Identify the person(s) at your company most knowledgeable about the following:
> a.  Federal Express's practices, policies, and procedures with respect to screening, investigating, qualifying, or hiring outside carriers and drivers.
> b.  Federal Express's work, business, or other relationship(s) with Trucking Times and/or Bahromov, including the details of such relationship(s).
> c.  Federal Express's practices, policies, and procedures with respect to dispatching or assigning loads or shipments to outside carriers and drivers.

> [Doc. 126-1 at pp. 1-2].

FedEx objected to this interrogatory as being "overly broad, unduly burdensome, and not appropriately limited in time or scope."  [Doc. 126-1 at p. 2].  Plaintiff offered a reasonable proposal that would limit the scope and time of the request in Interrogatory No. 2 to one-year before the accident and one-year after the accident.  FedEx agrees to the one-year before the accident but contests the relevance and necessity for information for one-year after the accident.

The Court agrees with plaintiff.  Limiting Interrogatory No. 2 to a time-period from December 2018 to December 2020 is not unreasonable and may certainly provide plaintiff with discovery of evidence that may be probative of the claims alleged, especially considering that plaintiff has asserted a punitive damages claim against FedEx. A defendant's post-incident conduct, such as a failure to take any meaningful remedial measures to prevent a repetition of like incidents, can be relevant to punitive damages. *See, e.g., Oyler v. Hy-Vee, Inc.*, 539 S.W.3d 742, 750-51 (Mo. App. W.D. 2017).  As such, the Court will grant plaintiff's motion to compel FedEx's answer to Interrogatory No. 2 as confined to the time-period from December 2018 to December 2020.

### 2.    *Interrogatory No. 5*

In its response, FedEx withdrew any objection it had asserted to Interrogatory No. 5 and indicated that it would supplement its answer.  Accordingly, the Court will grant plaintiff's motion to compel FedEx's answer to Interrogatory No. 5.

### 3.    *Interrogatory No. 8(a) and (b)*

Interrogatory No. 8 requests the following:

> "As to any work or business relationship between Federal Express and Trucking Times and/or Bahromov as of the subject collision, please provide the following information:
> a. The number of loads or shipments delivered by Bahromov.
> b. The number of loads or shipments delivered by Trucking Times and/or its drivers in the two-year period leading up to the subject collision…

[Doc. 126-1 at pp. 3-4].

FedEx objected to this interrogatory as being "overly broad, unduly burdensome, vague and ambiguous as to the terms "delivery work" and not appropriately limited in time or

5

scope." [Doc. 126-1 at p. 4]. Plaintiff is only asking the Court to compel answers to subparts (a) and (b). Plaintiff has indicated that Trucking Times and FedEx only began working together in July of 2019 so that the time-period at issue is limited. [Doc. 126 at p. 5]. Further, plaintiff argues that FedEx's other objections are merely boilerplate objections without further explanation.

Again, the Court agrees with plaintiff. FedEx's objection as it relates to the definition of "delivery work" is irrelevant because plaintiff is not asking this Court to compel FedEx to answer any other subparts to Interrogatory No. 8 other than (a) and (b). Neither (a) nor (b) include the term "delivery work." Further, as plaintiff has indicated, the time-period in question for subparts (a) and (b) is limited in scope generally to July 2019 to December 2019. There is nothing overly broad or unduly burdensome about seeking information for an approximate five (5) month time-period. If, for some reason, the relationship between Trucking Times and FedEx began before July 2019, the Court finds, as it did *supra*, that a one-year limitation leading up to the subject collision (December 2018) is sufficient. As such, the Court will grant plaintiff's motion to compel FedEx's answer to Interrogatory No. 8 (a) and (b) as confined to a one-year period leading up to the subject collision.

### 4.    *Verification*

Finally, it appears that when FedEx answered interrogatories, it did not provide a verification or signature page as required by Federal Rule of Civil Procedure 33(b)(1)(B). FedEx does not indicate any opposition to plaintiff's request for a verification or signature page. Accordingly, the Court will grant plaintiff's motion to compel FedEx to

6

provide a verification or signature page to the interrogatories as required by Federal Rule of Civil Procedure 33(b)(1)(B).

## B.  Motion to Compel Production of Documents [Doc. 129]

As it relates to plaintiff's motion to compel production of documents in response to her second request for production, the Court must consider whether FedEx waived its right to object to the requests.  Plaintiff served the second requests for production on FedEx on December 29, 2025.  FedEx had until January 28, 2026, to provide its responses.  *See* Fed. R. Civ. P. 34(b)(2)(A).  FedEx did not serve any written objections or responses to plaintiff's second requests for production.  Further, FedEx failed to communicate with plaintiff's counsel before the deadline to indicate it had any objections to the requests.  In fact, it appears that FedEx did not raise any formal or "informal" objections to the second requests for production until the parties had a meet-and-confer conference on February 20, 2026.  To date, FedEx still has not served any formal written objections or responses to plaintiff's second requests for production.  Accordingly, the Court finds that FedEx's failure to timely object to the second requests for production constituted a waiver of its objections.  Further, FedEx has failed to provide this Court with any good cause to excuse its failure to timely object.

While the Court should strictly grant plaintiff's motion to compel responses to the second requests for production, the plaintiff's motion has indicated a voluntary willingness to modify certain requests.  Further, this Court must modify certain requests consistent with its ruling on plaintiff's motion to compel answers to interrogatories *supra*.

As such, the Court will grant plaintiff's motion to compel subject to the following modifications:

(1) Request No. 1 shall be modified and limited to FedEx's training of its own drivers.

(2) Request No. 3 shall be limited to a one-year limitation leading up to the subject collision.

(3) Request No. 4 shall be limited to those practices, policies, and/or procedures in effect as of and for one year since the subject collision.

(4) Request No. 5 shall be limited to the time-period from December 2018 to December 2020.

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's Motion to Compel Directed to Defendant Federal Express Corporation [Doc. 126] is **GRANTED IN PART and DENIED IN PART**.  The Court grants plaintiff's motion to compel FedEx's answer to Interrogatory No. 2 as confined to the time-period from December 2018 to December 2020.  The Court grants plaintiff's motion to compel FedEx's answer to Interrogatory No. 5.  The Court grants plaintiff's motion to compel FedEx's answer to Interrogatory No. 8 (a) and (b) as confined to a one-year period leading up to the subject collision.  The Court grants plaintiff's motion to compel FedEx to provide a verification or signature page to the interrogatories as required by Federal Rule of Civil Procedure 33(b)(1)(B).  **FedEx**

**shall provide these answers and the verification or signature page within fourteen (14) days of this Memorandum and Order.**

IT IS FURTHER ORDERED that plaintiff's Motion to Compel Directed to Defendant Federal Express Corporation [Doc. 129] is **GRANTED IN PART and DENIED IN PART**.  The Court grants plaintiff's motion to compel FedEx's response to Request No. 1 as modified and limited to FedEx's training of its own drivers.  The Court grants plaintiff's motion to compel FedEx's response to Request No. 2.  The Court grants plaintiff's motion to compel FedEx's response to Request No. 3 limited to one year leading up to the subject collision.  The Court grants plaintiff's motion to compel FedEx's response to Request No. 4 limited to those practices, policies, and/or procedures in effect as of and for one-year since the subject collision.  The Court grants plaintiff's motion to compel FedEx's response to Request No. 5 limited to the time-period from December 2018 to December 2020.  **FedEx shall provides these responses within fourteen (14) days of this Memorandum and Order.**

SO ORDERED on this 2nd day of April, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE