UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

BREANNA BACKFISCH,                  )
                                    )
          Plaintiff,                )
                                    )
     v.                             )          Case No. 1:24-cv-00213-SNLJ
                                    )
PENSKE TRUCK LEASING CO., L.P.      )
et al.,                             )
                                    )
          Defendants.               )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to compel directed to

defendant Federal Express Corporation (hereinafter referred to as "FedEx").  [Doc. 138].

FedEx opposes the motion.  [Doc. 139].  For the reasons set forth below, the motion to

compel directed to defendant FedEx [Doc. 138] is **GRANTED IN PART** and **DENIED**

**IN PART**.

## I. BACKGROUND

Plaintiff filed a personal injury case arising out of a commercial motor vehicle

crash that occurred on December 16, 2019.  The crash allegedly occurred when the

vehicle Plaintiff was riding in was rear-ended by a tractor-trailer driven by defendant

Bahromov.  At the time, Bahromov was allegedly working for defendant Trucking Times

Inc., a motor carrier, and was allegedly delivering cargo pursuant to a transportation

agreement between Trucking Times Inc. and defendant FedEx.  The tractor-trailer that

Bahromov was driving was allegedly rented or leased from defendant Penske Trucking

Leasing Co, L.P.

Plaintiff's second amended complaint alleges two counts against FedEx:  Count III

for bodily injury based on independent negligence of FedEx and Count V for bodily

injury based on the negligence of FedEx in hiring, retaining, or selecting Trucking Times

and Bahromov.  [Doc. 74].  Plaintiff has issued numerous written discovery requests.

While FedEx provided certain answers and responses, plaintiff has alleged on numerous

occasions that those answers and responses are deficient.  As a result, plaintiff has now

filed its fourth motion to compel directed to FedEx.  [Doc. 138].  FedEx opposes the

motion.  [Doc. 139].

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure Rule 26(b)(1),

> Unless otherwise limited by court order, the scope of discovery is as
> follows: Parties may obtain discovery regarding any nonprivileged
> matter that is relevant to any party's claim or defense and proportional
> to the needs of the case, considering the importance of the issues at
> stake in the action, the amount in controversy, the parties' relative
> access to relevant information, the parties' resources, the importance
> of the discovery in resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs its likely benefit.
> Information within this scope of discovery need not be admissible in
> evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"Broad discovery" is the norm.  *Stecklein & Rapp Chartered v. Experian Information

Solutions, Inc.*, 113 F.4th 858, 861 (8th Cir. 2024) (citing *WWP, Inc. v. Wounded Warriors

Fam. Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011)).  "Parties may obtain discovery

2

regarding nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" *Id.* (citing Fed. R. Civ. P. 26(b)(1)).  While the standard for discovery is broader than for admissibility at trial, the requested information still has to clear a "threshold…of relevance." *Id.* (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)); Fed. R. Evid. 401 (stating that evidence is relevant at trial if "it has any tendency to make a fact" that "is of consequence" to the "determine[ation] [of] the action" any "more or less probable").  In other words, the requested information must still be probative of the "claim or defense" that a party is trying to establish, or at least aimed at the discovery of evidence that could be. *Id.* (citing Fed. R. Civ. P. 26(b)(1)).

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses.  Fed. R. Civ. P. 37(a).  Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production or answers against another party when the latter has failed to produce documents requested under Rule 34 or to answer interrogatories under Rule 33.  Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).  The party resisting discovery must show specifically how the requested discovery is not relevant or otherwise objectionable.  Fed. R. Civ. P. 33(b)(3)-(4); Fed. R. Civ. P. 34(b)(2)(B).

III. DISCUSSION

**A.  Discovery Related to Economic Explanation for FedEx hiring Trucking Times**

Plaintiff has sought evidence that she believes could provide an economic explanation for why FedEx hired a carrier with an alleged troubling safety record. Plaintiff now claims that FedEx's answer and responses to those specific discovery

3

requests have been deficient.  Specifically, plaintiff alleges that FedEx has not completely, or without objection, provided complete responses to First Request for Production No. 4, First Interrogatory No. 9, and Third Requests for Production Nos. 2-3. FedEx has subsequently supplemented its answers and responses.  Plaintiff's motion to compel related to Third Requests for Production Nos. 2-3 is now moot.  However, plaintiff still alleges that FedEx has not adequately answered First Interrogatory No. 9 or responded to First Request for Production No. 4.

Regarding First Interrogatory No. 9, plaintiff asserts that FedEx has not provided an answer verifying how much Trucking Times was supposed to be paid for its work and how that sum was calculated.  The Court agrees with plaintiff.  If the FedEx rate sheet that was recently produced in response to Second Interrogatories generally answers First Interrogatory No. 9, then FedEx should so state and verify that in a full and complete answer to First Interrogatory No. 9.   It is not plaintiff's duty to formulate an answer to First Interrogatory No. 9 using the documents and information produced by FedEx in other discovery responses.

Regarding First Request for Production No. 4, plaintiff asserts that the rate sheet recently produced by FedEx is not a sufficient response to the request.  First Request for Production No. 4 seeks:

> "Any contracts, agreements, memoranda of understanding, leases, or other similar documents which evidence, relate to, or govern any work or business relationship between you and Defendants Trucking times, Inc., Toshtemir Bahromov, and/or Penske Truck Leasing Co., L.P., including as of the time of the subject collision on or about December 16, 2019."

[Doc. 84-1 at p. 2].

The rate sheet that FedEx produced includes a title "Amendment #3."  As plaintiff sets forth, this title would suggest other rate sheets existed between FedEx and Trucking Times before the incident at issue.  The Court agrees with plaintiff.  FedEx must produce a full and complete response to First Request for Production No. 4, including any and all other rate sheets or amendments to the rate sheet that may exist.  Alternatively, FedEx may supplement its response to First Request for Production No. 4 by providing information to sufficiently explain why the rate sheet that was produced was labeled as "Amendment #3."

Based on the foregoing, the Court will deny as moot plaintiff's motion to compel Third Requests for Production Nos. 2-3 and will grant plaintiff's motion to compel FedEx's answer to First Interrogatory No. 9 and First Request for Production No. 4.

**B.  Discovery Related to Similar Incidents**

Plaintiff has sought evidence regarding similar incidents as (1) possible relevant evidence of whether FedEx knew or had reason to know that its conduct posed an unreasonable risk of harm and (2) possible relevant evidence in support of punitive damages.  Plaintiff issued a Third Request for Production No. 1 seeking:

> "For a period of five years before the crash to the present, please produce any logs, reports, or other documents reflecting the facts of any similar incidents in which an outside carrier with a poor safety record was involved in a motor vehicle crash while doing work for FedEx."
>
> [Doc. 138-2].

FedEx objected to this request as being overly broad, unduly burdensome, not appropriately limited in time and scope, and not related to any parties' claims or defenses. [*Id*.].

The Court agrees with plaintiff that FedEx's objections are generally without merit, with the exception of the time-period requested.  The Court finds that limiting Third Request for Production No. 1 to a time-period of two years before the crash (December 2017) to two years after the crash (December 2021) is not unreasonable and may certainly provide plaintiff with discovery of evidence that may be probative of the claims alleged, especially considering the plaintiff has asserted a punitive damages claim against FedEx.  *See Coon v. Am. Compressed Steel, Inc*., 207 S.W.3d 629, 638-39 (Mo. App. W.D. 2006) (post-incident occurrences arising from the same behavior may be relevant to punitive damages); *Pierce v. Platte-Clay Elec. Co-op., Inc*., 769 S.W.2d 769, 774 (Mo. banc 1989) (pre-incident occurrences may be relevant to show awareness of a particular risk).  As such, the Court will grant plaintiff's motion to compel FedEx's response to Third Request for Production No. 1 as confined to the time-period from December 2017 to December 2021.

**C.  Discovery Related to Alleged "Broker" Status**

Plaintiff's motion to compel included a request that FedEx be ordered to answer Second Interrogatory No. 20.  FedEx produced supplemental answers to discovery following the filing of plaintiff's motion to compel.  [Docs. 139-1, 139-2].  Plaintiff now concedes that FedEx's supplemental answers to Second Interrogatory No. 20 moot the

motion to compel.  Accordingly, the Court will deny as moot plaintiff's motion to compel

FedEx's answer to Second Interrogatory No. 20.

### IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's Motion to Compel Directed to

Defendant Federal Express Corporation [Doc. 138] is **GRANTED IN PART and**

**DENIED IN PART**.  The Court **DENIES AS MOOT** plaintiff's motion to compel

FedEx's response to Third Requests for Production Nos. 2-3 and an answer to Second

Interrogatory No. 20.  The Court **GRANTS** plaintiff's motion to compel FedEx's answer

to First Interrogatory No. 9.  The Court **GRANTS** plaintiff's motion to compel FedEx's

response to First Requests for Production No. 4.  The Court **GRANTS** plaintiff's motion

to compel FedEx's answer to Third Request for Production No. 1 as confined to the time-

period from December 2017 to December 2021.  **FedEx shall provide these answers**

**and responses within fourteen (14) days of this Memorandum and Order.**


**SO ORDERED** on this 28th day of May, 2026.


_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE